The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, Arkansas 72205
Dear Senator Snyder:
This is in response to your request for an opinion on the following question:
 Does the Director of the Arkansas State Police have the authority to exempt public school volunteer programs from the $15.00 fee which the Arkansas Crime Information Center (ACIC) has established, pursuant to Section 11(a) of Act 1109 of 1993, for conducting searches on conviction information which will be used for noncriminal justice purposes?
In response to your question, I find no authority which would preclude such action by the Director of the Arkansas State Police; however, the director should be aware that exempting certain groups from a fee which has been established, presumably to apply equally to all groups, could result in such a practice being challenged on constitutional grounds under the equal protection clause of the Fourteenth Amendment. It is my opinion, however, that the ACIC policy could withstand such a challenge, if supported by a "rational basis."
Section 11(a) of Act 1109 of 1993, the provision at issue in your question, provides the following:
 A fee may be charged for providing criminal history information for noncriminal justice purposes. The amount of such fees will be determined jointly by the Identification Bureau and the Central Repository and shall not exceed twenty dollars ($20.00).
Thus, Section 11(a) of Act 1109 of 1993 allows, but does not require, that a fee be charged for searches conducted by the ACIC for groups who will use the information for noncriminal justice purposes. You indicate in your letter that the ACIC has acted, pursuant to this section, to establish a $15.00 fee for such searches.
If certain groups are exempted from payment of the established fee, while others are not, it could open the ACIC to a constitutional challenge based on the equal protection clause. The Arkansas Supreme Court has stated that the equal protection clause is implicated when there exists some classification which "impermissibly distinguishes between citizens." City of LittleRock v. Waters, 303 Ark. 363, 369, 797 S.W.2d 426 (1990). However, since there is no fundamental right or suspect class involved in the scenario you pose, it is my belief that a rational basis test would be utilized by a court in any such an equal protection challenge. Under a rational basis test, a court asks whether the policy in question is rationally related to achieving a legitimate governmental objective. Medlock v.Leathers, 311 Ark. 175, 842 S.W.2d 428 (1992). The court has stated that the rational basis test is satisfied if "a conceivable reasonable relationship to the governmental action" can be identified. Medlock, 311 Ark. at 180. Thus, the rationality test is not very difficult to meet.
In sum, if certain groups are exempted from the ACIC's established policy of charging fees for noncriminal justice searches, it could open the ACIC to an equal protection challenge. Such a policy would, in my opinion, be analyzed by a court under the rationality test, as set forth herein, and the policy could withstand such a challenge if a court finds a "rational basis" for it.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh